FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAR 29 PM 2: 56

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| J. RAY McDERMOTT ENGINEERING, L.L.C., SPARTEC, INC. AND J. RAY McDERMOTT, INC. | CIVIL ACTION |
| VERSUS | NO. 04-1335 |
| FUGRO-McCLELLAND MARINE GEOSCIENCES, INC. | SECTION "C" |

## ORDER AND REASONS

Before the Court is defendant Fugro-McClelland Marine Geosciences, Inc.'s

("FMMG") Motion for Summary Judgment on Claims for Contractual Indemnity (Rec.

Doc. 83). FMMG seeks summary judgment on its counterclaims filed on May 19, 2005

alleging it is contractually entitled to defense and indemnification by Plaintiffs J. Ray

McDermott, Inc. ("JRM") and SparTec, Inc. ("SparTec). Having considered the record,

the arguments of counsel, and the law, the Court determines that disputes of material fact

abound that preclude a determination of this issue as a matter of law. Summary judgment

is accordingly **DENIED**.

Summary judgment is appropriately granted "if the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if any,

Fee_____
/Process_____
X Dktd_____
✓ CtRmDep_____
Dec. No_____

show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is not a genuine issue for trial." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] ... which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant meets this burden, the burden shifts to the non-movant to come forward with "specific facts" that establish an issue for trial. Id. "[M]ere allegations or denials" will not defeat a well-supported motion for summary judgment. Fed.R.Civ.P. 56(e). When deciding a motion for summary judgment the Court must avoid a "trial on affidavits." Anderson, 477 U.S. at 255. It is the role of the factfinder, not the court at the summary judgment stage, to weigh the evidence and make credibility determinations. Id. In deciding the motion for summary judgment, "all evidence must be construed in the light most favorable to the party opposing summary judgment." Matsushita Electric Industrial Corp., 475 U.S. at 600-601.

Courts are required to "give legal effect to the true intent of the parties." Borden v. Gulf States Utilities Co. 543 So.2d 924, 927 (La.App. 1 Cir. 1989). Courts look first to the language of the contract to determine the parties' intent. A contract is ambiguous

"when it is uncertain as to the parties' intentions and susceptible to more than one reasonable meaning under the circumstances and after applying established rules of construction." Davis Oil Co. v. TS, Inc., 145 F.3d 305, 308 (5th Cir.1998) (quoting Lloyds of London v. Transcontinental Gas Pipe Line Corp., 101 F.3d 425, 429 (5th Cir.1996)). The determination as to whether or not a contract is ambiguous is a question of law. Borden, Inc. 543 So.2d at 928. Accordingly, "when a contract can be interpreted from the four corners of the instrument, the question of contractual interpretation is answered as a matter of law, and summary judgment is appropriate." Mobil Exploration & Producing U.S. Inc. v. Certain Underwriters Subscribing to Cover Note 95-3317, 837 So.2d 11, 13 (La.App. 1 Cir. 2002); See also, Gertler v. City of New Orleans, 881 So.2d 792 (La.App. 4 Cir. 2004). If the court makes a threshold finding that a contract is ambiguous, summary judgment is inappropriate and it becomes the task of a factfinder to make a factual finding as to the parties' intent. See, e.g., Arnette v. NPC Services, Inc., 808 So.2d 798 (La.App. 1 Cir. 2002) (reversing a lower court's decision to grant summary judgment on grounds that the plain language of the contract was ambiguous). See also Millenium Petrochemicals, Inc v. Brown & Root Holdings, Inc., 390 F.3d 336, 340 (5th Cir. 2004) ("If ambiguity exists in a contract, a fact issue remains regarding the parties' intent thus precluding a grant of summary judgment.").

Simply put, the parties' intents cannot be determined from the face of the relevant documents as to a number of issues necessary to determine the applicability and scope of the indemnity clauses at issue in this case. Specifically, disputed issues of fact arise over the meaning of "property damage or loss," particularly when viewing the contract as a whole. As JRM points out, it is not clear from the language of the indemnity provisions

whether the documents intended to relate to the type of damages allegedly suffered by JRM.  This is particularly true in light of the fact that other provisions of the JRM agreement speak specifically to damage to "the work in progress" which creates a material dispute as to which damages were in fact intended to be covered by the indemnity provision.  In addition, with regard to the JRME-SparTec Inc. Master Services Agreement, disputed issues of fact exist as to whether that agreement was invoked and made applicable.[1]

     Summary judgment is **DENIED**.

     New Orleans, Louisiana, this 29th day of March, 2006.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[1] In addition to the disputed issues of fact, the Court has doubts, although need not decide, whether the indemnity provisions encompass indemnity for one's own negligence and whether under the JRM-SparTec contract, Fugro should be considered a subcontractor of SparTec.