UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| J. RAY McDERMOTT ENGINEERING, LLC AND J. RAY McDERMOTT, INC. | CIVIL ACTION |
| VERSUS | NO. 04-1335 |
| FURGO-McCLELLAND MARINE GEOSCIENCES, INC. | SECTION: "C" |

**ORDER AND REASONS**

Before this Court is a Motion for Summary Judgment filed by third-party defendants, Certain Underwriters at Lloyd's, London and Certain London Market Insurance Companies, (collectively, "London Market Insurers") (Rec. Doc. 173).  Defendant and third-party plaintiff, Furgo-McClelland Marine Geosciences, Inc. ("FMMG") opposes the motion.  The motion is before the Court on the briefs, without oral argument.  Having considered the memoranda of counsel, the record, and the applicable law, the Court finds that the Motion for Summary Judgment is **GRANTED.**

**I. BACKGROUND**

This case concerns problems which arose during the construction of an oil and gas platform, known as the Devil's Tower SPAR Platform ("Devil's Tower"), which was to be permanently installed into the seabed on the Outer Continental Shelf ("OCS"). See, Rec. Doc. 1.

The facility was to be "used for the exploration, development and/or production of minerals of the subsoil and seabed of the [OCS]." *Id.* The platform was to be held stationary by a "wire mooring system" which "consists of cables/chains and suctions piles or caissons (anchors) embedded in the ocean floor." *Id.* It is undisputed that the platform is not a vessel. *Id.*, citing *Fields v. Pool Offshore, Inc.,* (5th Cir. 1999)).

Numerous parties were engaged in the construction and installation process. SparTEC, one of the plaintiffs, was the general contractor for the project. See, Rec. Doc. 85, Exhibit A, Dominion/SparTEC Agreement. SparTEC contracted with plaintiff J. Ray McDermott Engineering, L.L.C. ("JRME") for "design and engineering services." See, Rec. Doc. 85. JRME in turn subcontracted with defendant FMMG who was "to perform the engineering analysis and foundation analysis" of the platform. See, Rec. Doc. 1.

Pursuant to its contract with JRME, FMMG produced an engineering report discussing construction and installation of the platform. FMMG's report was essentially the blueprint for the process of constructing the caissons and installing them into the seabed. *Id.* FMMG played no part in actually installing the caissons; its only role was as designer and engineer. *Id.* Plaintiff J. Ray McDermott, Inc.'s ("JRM") role in this process involved "transportation and installation of the caissons using JRM's heavy lift crane vessels and other special purpose vessels." See, Rec. Doc. 85. In other words, part of JRM's responsibility was to ship the materials out to the worksite for installation, in addition to helping with the installation itself. During the caisson installation process, certain caissons were damaged. JRM claims to have suffered damages from the delays and vessel down-time experienced as a result of the construction problems. See, Rec. Doc. 1. It is alleged by the various plaintiffs that the cause of

the damage was erroneous calculations made by FMMG in its engineering report. *Id.*

The plaintiffs have asserted various causes of action in both tort and contract related to the alleged errors in FMMG's report. FMMG is the lone defendant in this case. There are no allegations in this case that any other party caused the accident other than FMMG's boilerplate answer to the complaint wherein it alleges "want of due care on the part of plaintiffs in a number of respects." *Id*.

The McDermott entities and/or other named assured sustained losses of $4,573,874.56 or more with respect to the damage to the caissons and covered sue and labor expenses. See, Rec. Doc. 173. The assureds submitted proofs of loss and the London Market Insurers paid $3,595,991.81 under the insurance policy. *Id*. FMMG did not make a claim under the policy and then filed a third-party complaint against the London Market Insurers alleging that it is entitled to coverage under the relevant insurance policy on the basis that it is an additional assured. *Id*. The London Market Insurers filed this motion for summary judgment alleging that FMMG is not an additional assured on the policy and that, even if it were, they do not owe FMMG any indemnity because they paid the loss in full consistently with the terms of the policy.

## II. STANDARD OF REVIEW

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 247-48 (1986); see also *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th

Cir. 2001).  When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion."  *Reid v. State Farm Mut. Auto Ins. Co.,* 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).  In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations."  *See Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.,* 974 F.2d 646, 649 (5th Cir. 1992).

### III. ANALYSIS

In the case at bar, the London Market Insurers claim that FMMG is not an additional assured to the McDermott entities' insurance policy, which covered the Devil's Tower project. The insurance policy in question provides coverage for "Additional Assureds."[1]  Under the policy, "Additional Assureds" are "Owners, Operators, Lessees, and/or Subcontractors." See,

---

[1] The Court recognizes that the actual insurance policy in question is not available. However, for the purposes of this motion, the Court assumes that the relevant policy is identical to the 1998 policy.  See, Rec. Doc. 173.

Rec. Doc. 178, Exhibit 4. However, these parties are only covered "for the period of time during which the property and work is the Named Assured's responsibility" and only "to the extent of their interest in the property and work."

The London Market Insurers claim that FMMG does not fit the definition of additional assured under the policy. They argue that FMMG's status is a disputed legal issue between FMMG and McDermott that the London Market Insurers cannot resolve. See, Rec. Doc. 179, pg. 6. They also argue that FMMG did not have the requisite "interest" in the caissons.

On the other hand, FMMG claims that they satisfy the requirements and are an additional assured. FMMG asserts that it was a subcontractor of JRME and that its engineering services constitute an "interest" in the "work" per the terms of the insurance policy.

To support this assertion, FMMG relies on *Texaco Exploration and Production, Inc. v. AmClyde Engineering Products Co., Inc.* 448 F.3d 760, 778-79 (5th Cir. 2006). The *Texaco Exploration* court found that AmClyde was an additional assured on the insurance policy in question therein because it was a subcontractor on and provided design services and technical advice to the project. *Id.* at 779. Similarly, FMMG asserts that it was a subcontract on and provided design services to the Devil's Tower project. By analogy FMMG reasons that it is an additional assured pursuant to the insurance policy in question.[2]

---

[2] FMMG also argues that the London Market Insurers' failure to seek indemnity from it implies that they believe that it is in fact an additional assured under the policy. FMMG basis this argument on the proposition that an insurer cannot seek indemnity from their assured. However, the Court does not believe that this argument is relevant because there could be any number of reasons that the London Market Insurers have not sought indemnity from FMMG. Thus, there is no necessary implication that FMMG is an additional assured.

Considering the terms of the "Additional Assureds" clause of the insurance policy and the facts presented, the Court finds that there is a question of material fact as to whether FMMG is an additional assured under the insurance policy.  Specifically, there is a genuine issue of material fact regarding whether FMMG had the requisite "interest in the property and work" to be considered and additional assured.  To determine this issue, the Court needs more information regarding FMMG's relationship to JRME and the services that it performed in connection with the Devil's Tower project.

However, the London Market Insurers also assert that, even if FMMG were an additional assured, they do not owe it any indemnity because they have already paid the McDermott entities' claims under the insurance policy. FMMG agrees that the London Market Insueres do not owe it anything.  Instead, FMMG claims that it wants to insure that it is an additional assured under the policy so that it will not be liable for the damages which were paid by the London Market Insurers pursuant to the insurance policy.

Essentially, FMMG is seeking a declaration from the London Market Insurers that it is an additional assured.  The Court construes this as a prayer for a declaratory judgment.  Federal Rule of Civil Procedure 57 allows a party to move for a declaratory judgment.  However, under Rule 8(a), the mover must make a demand for the relief he seeks in his pleadings. See, *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1155 (5th Cir. 1992).

FMMG's third-party complaint does not make a demand for a declaratory judgment. Instead, FMMG prays for "judgment . . . in favor of FMMG against the [London Market Insurers] finding that they are obligated to fully defend and indemnify FMMG from and against the claims of [the McDermott entities] herein, and that such insurance coverage [is] primary to

any separate coverage available to FMMG." See, Rec. Doc. 81.  FMMG also asks for attorney's fees and costs from the London Market Insurers. *Id.* These requests are not equivalent to a prayer for a declaration that FMMG is an additional assured.

It is evident that, even if FMMG were an additional assured, the London Market Insurers would not be liable to it for any payment under the policy because they have already paid the McDermott entities' claims.  Both the London Market Insurers and FMMG have admitted this fact. See, Rec. Doc. 173, Exhibit 7 p. 4.  Furthermore, the London Market Insurers paid the McDermott entities on behalf of *all* assureds.  See, Rec. Doc. 173.  Thus, the London Market Insurers have fulfilled their obligations in this case.

However, whether FMMG is an additional assured is relevant.  This issue dictates FMMG's monetary liability to the McDermott entities if it is found to be liable to them.  Because the London Market Insurers do not owe anything to FMMG and FMMG has not prayed for a declaratory judgment, FMMG's potential status as an additional assured must be determined in the case between it and the McDermott entities.

## IV.  CONCLUSION

For the reasons stated above,

IT IS ORDERED that Third-Party Defendants', Certain Underwriters at Lloyd's, London and Certain London Market Insurance Companies, Motion for Summary Judgement is **GRANTED**.

IT IS FURTHER ORDERED that, in light of this decision, Defendant and Third Party-Plaintiff's, Furgo-McClelland Marine Geosciences, Inc., Motion for Summary Judgment against

Certain Underwriters at Lloyd's, London and Certain London Market Insurance Companies, which is set for hearing before this Court on October 25, 2006 (Rec. Doc. 189) is **DISMISSED AS MOOT**.

New Orleans, Louisiana, this 17th day of October, 2006.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE