UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**J. RAY McDERMOTT ENGINEERING,**          CIVIL ACTION
**L.L.C., SPARTEC, INC., AND J. RAY**
**McDERMOTT, INC.**

**VERSUS**                                      NO. 04-1335

**FUGRO-McCLELLAND**
**MARINE GEOSCIENCES, INC.**

<u>**ORDER AND REASONS**</u>

Before this Court is a Motion for Clarification and/or Reconsideration of the Court's

February 12, 2007 denial of Defendant Fugro-McClelland Marine Geosciences, Inc.'s

("FMMG") Motion for Partial Summary Judgment for the Claims of J. Ray McDermott, Inc.

("JRM") (Rec. Doc. 263).  The motion is before the Court on the briefs, without oral argument.

Having considered the memoranda of counsel, the record and the applicable law, FMMG's

motion is **PARTIALLY GRANTED** and **PARTIALLY DENIED** for the following reasons.

**I.       Standard of Review**

1

The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration" in those exact terms.  *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1991).  A motion for reconsideration is considered a Rule 59(e) motion if it is served within ten (10) days of the court's ruling and a Rule 60(b) motion if it is served more than ten (10) days after the court's ruling.  *See id.*  The order denying FMMG's Motion for Partial Summary Judgment to Dismiss the Claims of J. Ray McDermott, Inc. was signed February 12, 2007 (Rec. Doc. 259) and the plaintiffs filed this motion for reconsideration on  February 26, 2007.  The plaintiffs' motion was filed within ten days of the Court's judgment, therefore Rule 59(e) governs plaintiffs' motion.  In *Washington v. CSC Credit Servs., Inc.*, 180 F.R.D. 309 (E.D.La. 1998), *rev'd and vacated on other grounds*, 199 F.3d 263 (5th Cir. 2000), this Court ruled that alteration or amendment of a previous ruling under Federal Rule of Civil Procedure 59(e) is proper only upon movant's showing of: (1) an intervening change of controlling law; (2) the availability of new evidence; and/or (3) the need to correct a clear and manifest error of fact or law.  *Id.* at 311.

**II.    Analysis**

The plaintiffs have not alleged that there was an intervening change in controlling law or that any new evidence has been discovered.  FMMG argues that the Court's ruling appears to hold that FMMG's duty extends to cover all losses claimed by JRM.  FMMG asks for clarification and/or reconsideration as to the scope of the duty FMMG owed to JRM and/or a limitation of the Court's holding to a finding that FMMG owed a duty to JRM.

The Court's order did not purport to make any legal findings as to whether FMMG's duty extended to cover any of the specific losses claimed by JRM.  As plaintiff points out, there was no evidence before the Court as to those specific damage claims.  The Court's holding was strictly limited to a finding that FMMG owed a duty as an engineer that extended to cover damages to JRM; however, whether any of JRM's *specific* damage claims are covered by that duty is a question for later motions or trial, and was not addressed in the Court's holding.  While the Court does not find that the Order needs to be amended or reconsidered, for clarification purposes the Court reiterates here that the Order denying FMMG's Motion for Partial Summary Judgment to Dismiss the Claims for J. Ray McDermott, Inc. (Rec. Doc. 259) held that FMMG owed a duty that extended to cover JRM.  Thus, the Court **GRANTS** FMMG's Motion for Clarification and/or Reconsideration as to the clarification, but **DENIES** it as to reconsideration of the denial of summary judgment.

FMMG also seeks to amend certain portions of the Court's "Background" section of the same Order and Reasons discussed above (Rec. Doc. 259).  FMMG disagrees with three specific portions of that section:

1.   Statement that FMMG produced an engineering report that "was essentially the blueprint for the process of constructing the cassions and installing them into the seabed."  (Rec. Doc. 259 at p. 2)

2.   Statement that "its [FMMG's] only role was as designer and engineer."  (Rec. Doc. 259 at p. 2)

3.   Statement that "[t]there are no allegations in this case that any other party caused

the accident other than FMMG's boilerplate answer to the complaint wherein it alleges 'want of due care on the part of plaintiffs in a number of respects.'" (Rec. Doc. 259 at p. 3)

All three of these statements, in their exact form,  have appeared in several previous Orders, specifically the Order and Reasons on FMMG's motion for summary judgment on claims of J. Ray McDermott, Inc. (Rec. Doc. 153 at p. 3-4, 3/29/06); the Order and Reasons on the motion for summary judgment filed by the London Market Insurers (Rec. Doc. 196 at p. 2-3, 10/17/06); the Order and Reasons on FMMG's motion for summary judgment to dismiss the claim already paid (Rec. Doc. 237 at p. 2-3, 12/27/06); and the Order and Reasons on the cross motions for summary judgment by FMMG and JRM (Rec. Doc. 238 at p. 2-3, 12/27/06).  While these exact statements have been in the record for almost a year, FMMG has never before contested them.

The Court recognizes that FMMG disputes the validity of these statements.  These statements were included in the Order merely as a brief summary of the pleadings and to give the reader a general idea as to the factual situation.  The Court did not rely on any of these statements in reaching the final holding, nor does the Court treat these statements as undisputed factual findings.  Because these statements did not in any way influence the Court's decision, and because they are simply general background information, there is no need to amend the Order.  However, for clarification purposes the Court will **GRANT** FMMG's motion for clarification as to the weight of these statements.  This ruling applies to all documents where

these statements are found.  (Rec. Docs. 153, 196, 237, and 238).[1]  However, the Court **DENIES** the motion to reconsider the final holding.


III.    **Conclusion**

For the reasons stated above,

IT IS ORDERED that the defendant's Motion for Clarification and/or Reconsideration is **PARTIALLY GRANTED** as to the clarification, and **PARTIALLY DENIED** as to the reconsideration.

New Orleans, Louisiana this 16th day of March, 2007.


                                                    _____
                                                    HELEN G. BERRIGAN
                                                    UNITED STATES DISTRICT JUDGE


---

[1]This holding applies to all previous Orders containing these statements, including Rec. Doc. 196, the Order that FMMG is seeking to amend with its Motion to Amend Judgment (Rec. Doc. 271).  For the reasons stated above, the Motion to Amend Judgment is **GRANTED.**